IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL RAY, JR., #136712, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-518-WKW |
| ) | [WO] |
| ) | |
| CYNTHIA DILLARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Earl Ray ("Ray"), a state inmate incarcerated at the J. O. Davis Correctional Facility, initiated this 42 U.S.C. § 1983 action on July 20, 2015. After reviewing the complaint and finding numerous deficiencies in this pleading, the court determined that Ray should be provided an opportunity to file an amended complaint and issued an order containing detailed instructions regarding his filing a proper amended complaint. *Order of August 13, 2015 - Doc. No. 5*. The relevant portion of this order reads as follows:

> Initially, the court finds that any claims related to the revocation of parole in October of 2001 and subsequent denials of parole in 2007 and 2012 are barred by the applicable statute of limitations as the claims were not brought within two years of the respective decisions to revoke and deny parole. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required

to bring it within two years from the date the limitations period began to run."). Moreover, the exhibits filed by the plaintiff in support of his complaint, the records of the United States District Court for the Northern District of Alabama and the records of the state courts establish that the claim regarding lack of a revocation hearing is without merit. *Plaintiff's Exhibit 1- Doc. No. 1-1* at 9 (Letter from counsel who represented plaintiff at the parole revocation hearing states that "parole was revoked ***after a revocation hearing before [a parole officer] on September 18, 2001*** in Limestone County, Alabama."); *Ray v. Mitchem, et al.*, 5:04-CV-2899-LSC-RRA (N.D. Ala. 2007) (Court denied the plaintiff's [state] habeas petition challenging the 2001 revocation of probation as untimely and in so doing noted that [a] parole revocation hearing was held on September 18, 2001 after which the parole board revoked parole on October 23, 2001 [- the only revocation of parole issued against the plaintiff and, therefore, the revocation which resulted in his current incarceration].); *Ray v. Alabama Board of Pardons and Paroles*, Case No. CV-2003-3182-MC (Circuit Court of Montgomery County, Alabama - Order of April 10, 2003) ("The Plaintiff was given notice of a Parole Court hearing and a hearing was conducted on September 18, 2001. . . .  [A]n attorney . . . represented the Plaintiff at the Parole hearing.  After hearing the witnesses and reviewing the evidence, the hearing officer . . . recommended that Plaintiff's parole be revoked.  The Board relying on the hearing officer's recommendation revoked the Plaintiff's parole. . . .  The Court has examined the exhibits [filed by the defendants] and all of the [*Morrissey*] factors were in fact met regarding" the 2001 revocation of parole.), affirmed by memorandum opinion November 21, 2003, writ of certiorari denied February 13, 2004, certificate of judgment entered February 16, 2004.  The claim regarding lack of a revocation hearing would therefore likewise be barred by the doctrine of *res judicata*. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 (2008).

      With respect to the relief sought by the plaintiff, i.e., release from prison and monetary damages, the plaintiff is advised that:  (i) Habeas corpus is the "exclusive remedy" in which to seek release from prison. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); (ii) To file a successive habeas corpus action challenging the 2001 revocation of his parole, he will have to receive permission from the Eleventh Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); (iii) Members of

the Alabama Board of Pardons and Paroles, are entitled to quasi-judicial immunity from damages for decisions issued regarding the scheduling of parole consideration dates. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974); and (iv) The only relief available in a 42 U.S.C. § 1983 action challenging a decision of a parole board in denying parole is declaratory and injunctive relief with respect to the procedures utilized in making the decision. *Wilkinson v. Dotson,* 544 U.S. 74 (2005).

In light of the foregoing, the only claims on which the plaintiff may proceed before this court are those alleging a denial of fair consideration for parole in November of 2014 presented against the individual members of the parole board who participated in such decision to deny parole and seeking the relief identified in *Wilkinson*, *supra*.

*Order of August 13, 2015 - Doc. No. 5* at 1-4 (emphasis in original) (footnote omitted). Based on these deficiencies, the court ordered Ray to file an amended complaint "***if*** [he] seeks to proceed under 42 U.S.C. § 1983" and provided specific instructions on the manner in which to do so. *Id*. at 4. Additionally, in an effort to aid Ray in filing the requisite amended complaint, the court provided him with a copy of the form used by prisoners to file complaints. *Id*. at 5.

The time allowed Ray to file the amended complaint expired on September 24, 2015. As of the present date, Ray has failed to file the amended complaint as required by this court. In light of Ray's failure to file an amended complaint, the court concludes that this case is due to be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form

[and] a clear description of what [the] complaint should contain." ); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the order of this court.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 19, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 5th day of October, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE